**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM CHRISTOPHER SCHROEDER, an individual, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 23-35606 <br><br> D.C. No. 2:22-cv-00172-MKD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted May 7, 2024**
Seattle, Washington

Before: McKEOWN, BEA, and OWENS, Circuit Judges.

William Schroeder appeals from the district court's judgment dismissing his claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Schroeder, an attorney who lives and is registered to vote in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the State of Washington, filed a pro se complaint in which he challenged—based on U.S. Const. art. I, § 2; U.S. Const. art. II, § 1; and the one-person, one-vote principle[1]—2 U.S.C. § 2a, which establishes how seats in the House of Representatives ("the House") are apportioned among the states and has the effect of capping the size of the House at 435 seats.  We affirm.

     1.     We review a dismissal under Federal Rule of Civil Procedure 12(b)(1) de novo.  *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 878 (9th Cir. 2022).  While we generally construe the pleadings of pro se litigants liberally, this "leeway" does not apply to a pro se litigant who is also an attorney, such as Schroeder.  *Huffman v. Lindgren*, 81 F.4th 1016, 1018–21 (9th Cir. 2023).

     2.     The district court properly dismissed Schroeder's claim for lack of subject-matter jurisdiction.  The Supreme Court has suggested that federal courts lack jurisdiction over challenges to the size of the House.  *See Clemons v. Dep't of Com.*, 562 U.S. 1105 (2010) (summarily vacating and remanding "with instructions to dismiss for lack of jurisdiction" a judgment that had concluded that a similar claim was justiciable).  *Clemons* controls this case and dictates that the

---

[1] The one-person, one-vote principle is rooted in the Equal Protection Clause of the Fourteenth Amendment, *see Baker v. Carr*, 369 U.S. 186, 187–88, 237 (1962), which, by its terms, applies only to the states.  But the Supreme Court has said that its "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975).

district court lacked jurisdiction. *See Hicks v. Miranda*, 422 U.S. 332, 344–45 (1975) ("[T]he lower courts are bound by summary decisions by this Court 'until such time as the Court informs (them) that (they) are not.'" (second and third alterations in original) (quoting *Doe v. Hodgson*, 478 F.2d 537, 539 (2d Cir. 1973))).

**AFFIRMED**.